JS 44 (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** World Entertainment, Inc. and Carmen Tomassetti

**DEFENDANTS** Andrea Brown, Grand Entertainment Productions, LLC, Clint Brown, Tribeca Grand Entertainment, LLC, The Brown Family Trust dated January 14, 2010, and Jim DiRenzo

**(b)** County of Residence of First Listed Plaintiff Delaware (PA)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Gloucester, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Stephen Alvstad
Beaudyman Alvstad, LLP
1201 Bethlehem Pike, Flourtown, PA 19031
(215) 836-7000; (215) 640-9968; salvstad@beaudyman.com

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &     Pharmaceutical     Slander     Personal Injury |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |     Liability    ☐ 368 Asbestos Personal ☐ 340 Marine     Injury Product ☐ 345 Marine Product     Liability |  | ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |     Liability    **PERSONAL PROPERTY** ☐ 350 Motor Vehicle    ☒ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending     Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal    ☐ 380 Other Personal     Injury      Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury -    ☐ 385 Property Damage     Medical Malpractice     Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate            Sentence |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Accommodations    ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities -      Employment    ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities -    **Other:**      Other    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education    ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 28 U.S.C. §1332
Brief description of cause: Fraudulent asset transfers; piercing corporate veil

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $479,997.30+ punitive damages, interest, fees costs, and injunction

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE

DOCKET NUMBER

DATE April 26, 2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| World Entertainment, Inc., and<br>Carmen Tomassetti<br><br><br><br>v.<br><br>Andrea Brown<br>Grand Entertainment Productions, LLC,<br>Clint Brown,<br>Tribeca Grand Entertainment, LLC<br>The Brown Family Trust dated January 14, 2010, and<br>Jim Di Renzo<br>Defendants. | : Civil Action<br>:<br>: Case No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

### **PARTIES**

1.      Plaintiff World Entertainment, Inc. ("WEI") is a Pennsylvania Corporation with an address of 184 Lemonton Way, Radnor, PA 19087, and serves the entertainment industry by providing bands for local weddings, Bar/Bat Mitzvahs, and other special events.

2.      Plaintiff Carmen Tomassetti ("Tomassetti") is the CEO and President of WEI, and is an individual with an address of 8085 Celeste drive #824, Naples, FL 34113.  (Hereinafter, Plaintiffs WEI and Tomassetti are referred to as "Tomassetti" unless the context requires otherwise.)

3.      Defendant Andrea Brown is an individual with an address at 2523 Kings Highway, Swedesboro, NJ 08085.

4.      Defendant Grand Entertainment Productions, LLC is an LLC whose sole member is Andrea Brown, and is therefore, like Andrea Brown, a citizen of New Jersey.

5.      Defendant Jim DiRenzo is an individual with, on information and belief, an address at 23 Cedarbrook Road, Cape May, NJ 08204.

6.     Defendant Clint Brown is an adult individual with an address at 2523 Kings Highway, Swedesboro, NJ 08085.

7.     Defendant Tribeca Grand Entertainment, LLC is organized in Wyoming and has an address at 1603 Capitol Ave., Suite 314, Cheyenne, WY 82001; however, its sole member is Clint Brown and is therefore, like Clint Brown, a citizen of New Jersey.

8.     Defendant Brown Family Trust dated January 14, 2010 is a revocable living trust which was formed on said date by Defendants Clint and Andrea Brown; each of them serve as both trustors and trustees of said Trust.

9.     The relief sought herein is requested jointly and severally against each of The Brown Family Trust dated January 14, 2010, Andrea Brown, both individually and in her capacities as trustor and trustee of the said Trust, and Clint Brown, both individually and in his capacities as trustor and trustee of the said Trust, as well as Jim DiRenzo, Grand Entertainment Productions, LLC, and Tribeca Grand Entertainment, LLC.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum of $75,000, and is between citizens of different states.

11.     This Court has personal jurisdiction over the parties because they regularly conduct business within the District of New Jersey.

12.     Venue is proper within the District of New Jersey because Defendants' unlawful conduct has occurred within the District of New Jersey.

## BACKGROUND AND INTRODUCTORY FACTS

13.     What began as a simple and straightforward trademark infringement and defamation lawsuit has now required, by virtue of all of Defendants' maneuverings and chicanery over the past six-plus years, the time and efforts of five federal courts (and its various

personnel), two branches of the U.S. Marshals, two bankruptcy trustees, appraisers, insurance bond writers, locksmiths, and a cast of other characters too lengthy to name.

14.     This lawsuit is necessitated by yet more maneuverings and chicanery by the Defendants, specifically, Defendants' Andrea Brown's and Grand Entertainment Productions, LLC's fraudulent transfers of their assets to make themselves judgment-proof and thwart Tomassetti's efforts to collect upon Tomassetti's Judgment against Brown and Grand Entertainment Productions, LLC.

15.     From 2002 – 2008, Defendant Andrea Brown had served as a singer and bandleader of one of Tomassetti's bands.  In late 2008, Andrea Brown decided to start her own band, but chose to build her business, Grand Entertainment Productions, LLC, by defaming Tomassetti and infringing upon his trademarks.

16.     Thus, on November 13, 2009, Tomassetti filed a lawsuit against Defendants Andrea Brown, Grand Entertainment Productions, LLC and Jim DiRenzo, one of Brown's musicians and accomplices, in the U.S. District Court for the Eastern District of Pennsylvania ("Eastern District") for, *inter alia*, trademark infringement and defamation[1].

17.     On January 14, 2010, i.e., two months after the Complaint in the Eastern District was filed, and seven weeks after it was served upon her, Defendant Andrea Brown transferred all her property, including real estate held solely in her name and located at 2175 Cooper St. in Deptford, New Jersey, to the Brown Family Trust.

18.     In exchange, Defendant Brown received $1.

19.     Following trial, on May 20, 2011, the Eastern District entered Judgment in favor of Tomassetti and against Andrea Brown and Grand Entertainment Productions, LLC (hereinafter referred to as "Grand Entertainment Productions") in the amount of $429,997.30[2].

---

[1]  The Eastern District of Pennsylvania action was captioned <u>World Entertainment, Inc. et al, v. Brown et al.</u>, and was case number 2:09-cv-05365-NS.

[2]  Defendant Jim DiRenzo was found jointly and severally liable for $3,123.55 of the Judgment.

The damages awarded to Tomassetti were due to Andrea Brown's and Grand Entertainment Productions' willful and malicious trademark infringement, i.e., the case was an "exceptional case" under the Lanhan Act, and to Andrea Brown's defamation of Tomassetti.

20.     Brown's and Grand Entertainment Productions' next maneuver occurred on June 17, 2011, when they filed an appeal of the Eastern District's Judgment with the U.S. Court of Appeals for the Third Circuit[3] ("Third Circuit").

21.     The Third Circuit affirmed the District Court's Judgment.

22.     Moreover, on November 19, 2012, the Third Circuit ruled that the appeal filed by Andrea Brown, Grand Entertainment Productions, and their counsel, Hercules Pappas, Esq., was frivolous, and imposed sanctions against Brown, Grand Entertainment Productions, and Pappas jointly and severally in the amount of $61,437.12.

23.     Andrea Brown's frivolous appeal was not her only maneuver during the 2011-2012 time period:  in 2012, the Browns and their Family Trust sold Brown's Deptford, New Jersey real estate.  (See ¶17, supra.)

24.     Defendant Andrea Brown, the original owner of the real estate but liable for a $430,000 federal court Judgment, did not receive the sales proceeds.

25.     The Brown Family Trust, the entity to which the property was transferred, did not receive the sales proceeds, either.

26.     Rather, Defendant Clint Brown, Defendant Andrea Brown's husband, pocketed the money for the sale of the Deptford real estate.

27.     Andrea Brown's next maneuvers occurred in early 2013, shortly after the Third Circuit affirmed the Eastern District's May 20, 2011 Judgment against Andrea Brown and Grand Entertainment Productions and sanctioned them for filing a frivolous appeal.

---

[3]  The Third Circuit proceeding is captioned World Entertainment, Inc. et al. v. Andrea Brown et al., Case No. 11-2677.

28.     On April 29, 2013, Brown filed a bankruptcy in the United States Bankruptcy Court for the District of New Jersey[4] ("Bankruptcy Court").

29.     However, because Brown's debt to Tomassetti was for a willful and malicious (trademark infringement and defamation) injury, the Bankruptcy Court held that Brown's debts to Tomassetti were non-dischargeable by Order dated April 2, 2014[5].

30.     After Andrea Brown's bankruptcy began to wind down, it was Brown's appellate lawyer Hercules Pappas' turn to maneuver.

31.     Pappas filed a bankruptcy - that is, his first bankruptcy – seeking to discharge the Third Circuit's sanctions Judgment on February 27, 2014[6].

32.     However, on March 12, 2015, the Bankruptcy Court dismissed Pappas' bankruptcy for failure to file a feasible plan, income, and budget statement; failure to resolve objections by the Trustee and creditors; and for lack of prosecution.

33.     Pappas filed a second bankruptcy on April 12, 2015[7].

34.     It too was dismissed, on June 24, 2015[8].

35.     Returning, though, to Andrea Brown and her 2013 maneuvers: in connection with her filing for bankruptcy in April of that year, Andrea Brown wound down Grand Entertainment Productions and gave her music business to her husband, Defendant Clint Brown, in early 2013.

---

[4]  Brown's bankruptcy, In Re: Andrea Brown, was assigned case number 13-19089.
[5]  This was the subject of the adversary proceeding filed against Brown by Tomassetti, captioned World Entertainment, Inc. and Carmen Tomassetti v. Andrea Brown, and assigned adversary proceeding 13-01741 by the Bankruptcy Court.
[6]  Pappas' first bankruptcy, In Re: Hercules Pappas, was assigned case number 14-13524. As with Brown's bankruptcy, Pappas' bankruptcy was filed in the United States Bankruptcy Court for the District of New Jersey.
[7]  Pappas' second bankruptcy, In Re: Hercules Pappas, was assigned case number 15-16569. As with Brown's bankruptcy and Pappas' first bankruptcy, Pappas'second bankruptcy was filed in the United States Bankruptcy Court for the District of New Jersey.
[8]  Pappas was not allowed to file a second bankruptcy until at least 180 days after his first bankruptcy was dismissed, because he did not abide by Orders of the Court and failed to prosecute his first bankruptcy. See 11 U.S.C. §109(g)(1).

36.     Clint Brown then proceeded to form a new Wyoming LLC by the name of Tribeca Grand Entertainment, LLC on May 13, 2013, two weeks after his wife Andrea Brown filed for bankruptcy.

37.     Tribeca Grand Entertainment, LLC was created for the sole purpose of avoiding paying the Eastern District Judgment which Defendants Andrea Brown and Grand Entertainment Productions owes Tomassetti, as matters remain otherwise "business as usual" for the Browns and their music business and their band, the Tribeca Grand band.  In other words, Tribeca Grand Entertainment, LLC is simply a continuation of Grand Entertainment Productions, LLC.

38.     As discussed more fully herein, both Tribeca Grand Entertainment, LLC and Grand Entertainment Productions are in the business of contracting the Tribeca Grand band to play weddings, parties, and other special events in the Pennsylvania - New Jersey area.

39.     The band continues to play many of the same gigs that it did while Grand Entertainment Productions was still in operations, and is comprised of the same members, including Defendants Andrea Brown, Jim DiRenzo, and Clint Brown.

40.     The website for Tribeca Grand Entertainment looks the same as the website for Grand Entertainment Productions, and, in fact, uses the same customer testimonials as those contained on the Grand Entertainment Productions website.

41.     Because: (a) Tribeca Grand Entertainment, LLC is a mere continuation of Grand Entertainment Productions; (b) the transfer of the music business was fraudulently intended to escape liability; and (c) the transfer was without adequate consideration and no provisions were made for creditors of Grand Entertainment Productions such as Tomassetti, Tomassetti requests that Tribeca Grand Entertainment, LLC be made liable to Tomassetti on a theory of successor liability.

42.     Like its predecessor, Grand Entertainment Productions, Tribeca Grand Entertainment is a sham company, a mere instrument of its sole member (Andrea Brown in the

case of Grand Entertainment Productions; Clint Brown in the case of Tribeca Grand Entertainment) who, in turn, exercises total control over the entity.

43.     Just as his wife Defendant Andrea Brown was, for legal purposes, Grand Entertainment Productions, Defendant Clint Brown is, for legal purposes, Tribeca Grand Entertainment.

44.     Clint Brown communicates and contracts with customers, books Tribeca Grand's performances, and sets the wages for the performers in the band.

45.     Tribeca Grand Entertainment itself is not adequately capitalized and has no other members or managers besides Clint Brown, no real estate, or any other corporate assets of any kind or value besides the equipment which the Tribeca Grand band needs to play at gigs – which equipment used to belong to Andrea Brown/Grand Entertainment Productions.

46.     Tribeca Grand Entertainment exists merely as a pass-through entity which Defendant Clint Brown uses to pay himself, his wife, Defendant Andrea Brown, and co-Defendant Jim DiRenzo for their performances as the Tribeca Grand band.

47.     Further like Grand Entertainment Productions, Tribeca Grand Entertainment does not abide by corporate formalities: the State of Wyoming has previously administratively dissolved Tribeca Grand Entertainment for not filing an Annual Report with the State (and paying its annual filing fee).

48.     Because Tribeca Grand Entertainment: (a) is the mere instrument of its sole member, Clint Brown, and (b) was created in the first place to perpetuate a fraud and circumvent the law, Tomassetti also requests that the Court disregard the corporate form of Tribeca Grand Entertainment, LLC and extend liability in this matter to Clint Brown personally.

49.     Tomassetti also requests that the Court find that the Defendants violated the New Jersey [Uniform] Fraudulent Transfer Act ("NJFTA"), as Defendant Andrea Brown's transfer of her Deptford, New Jersey real estate and of her music business were blatantly fraudulent.

50.      The relief sought under NJFTA includes avoidance of the transfers and permission to execute on the assets transferred.  Tomassetti also respectfully requests punitive damages under NJFTA, which are well justified here in light of the Defendants' numerous maneuverings and acts of deceit to date.

## FACTS – THE FRAUDULENT BROWN FAMILY TRUST AND THE DEPTFORD, NEW JERSEY REAL ESTATE DEAL

51.      Tomassetti's Complaint in the Eastern District was filed on November 13, 2009.

52.      Defendants Andrea Brown and Grand Entertainment Productions were served with Tomassetti's Complaint on November 20, 2009.

53.      Just seven weeks later, on January 14, 2010, Defendant Andrea Brown and her husband, Defendant Clint Brown, formed the Brown Family Trust dated January 14, 2010 (hereinafter "the Trust" or "the Brown Family Trust").

54.      Contemporaneously therewith, Andrea Brown contributed the following separately held property of hers to the Trust: "any and all property, whether presently owned or hereafter acquired by [her], including but not limited to, the following:

- Bank accounts (checking, savings, certificates of deposit, etc.);
- Tenancies in safe deposit boxes;
- Mutual and money market funds of all kinds;
- Securities (stocks, bonds, treasury bills, notes receivable, etc);
- Agency and custody accounts (at banks, brokerage firms, etc.);
- Ownership in entities such as partnerships, corporation[s], and limited liability companies;
- Ownership of promissory notes, mortgages, trust deeds, and royalty interests;
- Ownership in real estate wheresoever located (including ownership of time shares, land contracts, leaseholds, life estates, and mineral interests, etc.); and
- Household appliances, furniture and furnishings, collectibles, collections, [and] jewelry."

55.      In addition to the general list set forth in the preceding paragraph, the Brown Family Trust also specifically lists one item of separately held property which Andrea Brown contributed to the Trust: her real estate located at 2175 Cooper St. in Deptford, New Jersey.

56.    Both Andrea Brown and her husband Clint Brown signed the Trust in acknowledgment that the property was "the Separate property of Andrea Brown."

57.    Andrea Brown received only $1 for transferring her Deptford, New Jersey real estate to the Brown Family Trust.

58.    Approximately two years later, on January 20, 2012, the Brown Family Trust entered into a contract with Todd and Juliah Davis for the sale of Andrea Brown's Deptford, New Jersey real estate for $199,900.

59.    At that time, Andrea Brown had an outstanding mortgage on the Deptford, New Jersey real estate with Chase Bank in the amount of $159,250.

60.    However, Brown's Chase Bank mortgage could not be satisfied contemporaneously with the sale to the Davises, because the Davises were unable to obtain financing for the transaction.

61.    Nevertheless, the transaction proceeded anyway, as the Browns requested and received from the Davises a Release from any liability in the event Chase Bank demanded satisfaction or commenced a foreclosure action on the Deptford, New Jersey real estate due to Andrea Brown's transferring the property while there was an outstanding mortgage on it.

62.    Clint Brown, as opposed to the Brown Family Trust or Andrea Brown, is listed as the "Lender" on the Mortgage Note signed by Davises.

63.    Under the terms of the Mortgage Note, dated March 5, 2012, the Davises paid Clint Brown $1,799.67 per month for 36 months; then, on the 37th month, the Davises would be required to pay Clint Brown a balloon payment in the amount of $142,345.19, for a total of $207,133.31.

64.    Andrea Brown's mortgage with Chase Bank called for her to make monthly payments in the amount of approximately $1,386 per month.

65.     Thus, during the first 36 months of the arrangement with the Davises, Andrea Brown – or the Brown Family Trust - should have received a net profit of slightly more than $400 per month:  the Davises paid the Browns $1,800 per month for the Deptford, New Jersey real estate; Andrea Brown paid Chase Bank $1,386 per month for the property.

66.     Ultimately, the Browns would make a profit of nearly $50,000 on the Deptford, New Jersey real estate transaction: the Davises would pay the Browns $207,133.31, while Andrea Brown would pay Chase Bank just $159,250 to satisfy her mortgage on the property.

67.     Yet, Andrea Brown did not receive any money in connection with the Deptford, New Jersey real estate transaction, even though it was her separately held property.

68.     The Brown Family Trust did not receive any money in connection with the Deptford, New Jersey real estate transaction, either, even though Andrea Brown purportedly transferred it to the Trust after setting up the Trust once she got served with Tomassetti's Complaint.

69.     Rather, Defendant <u>Clint</u> Brown kept all the profit.

## FACTS – THE FRAUDULENT TRANSFER OF BROWN'S MUSIC BUSINESS TO HER HUSBAND CLINT'S SHAM WYOMING LLC

70.     On December 28, 2012, the U.S. Court of Appeals for the Third Circuit affirmed the Eastern District's  May 20, 2011 Judgment, and also sanctioned Defendants Andrea Brown and Grand Entertainment Productions, as well as their counsel, Hercules Pappas, Esq., for filing a frivolous appeal.

71.     Immediately thereafter, Andrea Brown proceeded to drain her Grand Entertainment Productions bank account.

72.     Brown's last significant deposit to the account was on January 2, 2013, in the amount of $6,500.

73.     By the end of January, 2013, though, she had written nearly $20,000 in checks from the account, thereby emptying it.  Actually, the account's balance at the end of January, 2013 was negative (-) $21.39.

74.     However, Brown's band, Tribeca Grand, did not cease operations at that time.

75.     The band still goes by the name Tribeca Grand, and does the same thing it always did – give musical performances at weddings and other special events.

76.     Now, though, the LLC which operates the music business is named "Tribeca Grand Entertainment, LLC."

77.     Tribeca Grand Entertainment, LLC is a mere continuation of Grand Entertainment Productions.

78.     For instance, on February 8, 2013, a week after Andrea Brown had emptied the Grand Entertainment Productions bank account, the Tribeca Grand band played a gig under Tribeca Grand Entertainment.

79.     The gig was a fundraiser for the Epilepsy Foundation of Eastern Pennsylvania. Tribeca Grand had played the gig under Grand Entertainment Productions every year since 2009.

80.     The contract for the Tribeca Grand band's 2013 gig for the Epilepsy Foundation is with, and the deposit check is made out to, "Tribeca Grand Entertainment."

81.     However, the address on the deposit check to Tribeca Grand Entertainment is the same as the address on the checks which the Epilepsy Foundation previously sent to Grand Entertainment Productions for the gig.  Similarly, the LLC's address on the letterhead of the contract for the 2013 gig is the same as the address on the letterhead for the contracts from preceding years.

82.     Tribeca Grand Entertainment's contract for the 2013 Epilepsy Foundation gig is also substantively the same as the contracts for prior years' gigs, when the contracting party was Grand Entertainment Productions.

83.    For example, the band's constituents remain the same:   one female vocalist [Andrea Brown]; one male vocalist; one keyboard player; one bass player [Jim DiRenzo]; one drummer; one saxophone player; one trumpeter; one trombonist; one sound system technician; and two audio engineers [ one of whom is Clint Brown].

84.    The respective contracts' provisions regarding location of the performance, payment amount ($5,000), overtime, cancellation, and miscellany are also identical.

85.    Basically, if one just changes the dates of the respective contracts, and changes the name on the letterhead from "Grand Entertainment Productions" to "Tribeca Grand Entertainment," one would be left with two identical contracts.

86.    This jibes with an Affidavit filed by Defendant Andrea Brown in the Eastern District action on April 30, 2013 in which she states that "Grand Entertainment Productions, LLC no longer conducts business as Grand Entertainment Productions, LLC."

87.    In other words, Grand Entertainment Productions conducts business as Tribeca Grand Entertainment, LLC now.

88.    Tribeca Grand Entertainment, LLC was officially formed on May 13, 2013 as a Wyoming LLC.

89.    Not coincidentally, that was two weeks after Andrea Brown filed for bankruptcy, on April 29, 2013.

90.    Whereas Defendant Andrea Brown ran Defendant Grand Entertainment Productions, the predecessor LLC, her husband, Clint Brown, runs Tribeca Grand Entertainment, LLC, the successor LLC.

91.    Mr. Brown contracts with customers, schedules Tribeca Grand's performances, sets the wages for the performers in the band, etc.

92.     Otherwise, though, as the foregoing paragraphs regarding gigs the Tribeca Grand band has played for the Epilepsy Foundation of Eastern Pennsylvania clearly demonstrates, Tribeca Grand Entertainment just picked up where Grand Entertainment Productions left off.

93.     Both the predecessor LLC, Grand Entertainment Productions, and the successor LLC, Tribeca Grand Entertainment, are in the same business, *viz.*, providing a band, specifically, the Tribeca Grand band, to play weddings, parties, and other special events in the Pennsylvania - New Jersey area.

94.     Further, the Tribeca Grand band plays many of the same gigs under Tribeca Grand Entertainment that it did while under Grand Entertainment Productions, for example, the aforementioned Epilepsy Foundation gig, and a New Year's Eve gig for Cape Resorts in New Jersey.

95.     The Tribeca Grand band consists of the same lineup under both LLCs, including Defendant Andrea Brown on vocals, Defendant Jim DiRenzo on bass, with Defendant Clint Brown serving as the band's engineer.

96.     The band's equipment (e.g., sound and lighting) remains the same, and is still stored at the Browns' home, 2523 Kings Highway, Swedesboro, NJ.

97.     Tribeca Grand Entertainment also uses Grand Entertainment Productions' website; indeed, the website for Tribeca Grand Entertainment looks the same as the website for Grand Entertainment Productions.

Here is a screenshot of the website for Grand Entertainment Productions:



And here is a screenshot of the website for Tribeca Grand Entertainment:



98.    In reviewing the respective websites, one also sees that the Tribeca Grand Entertainment website contains the same customer testimonials as the website for Grand Entertainment Productions did.

99.    Tribeca Grand Entertainment also collected on Grand Entertainment Productions' accounts receivable which were due pursuant to contracts entered into by Grand Entertainment Productions while Grand Entertainment Productions was still conducting operations.

100.   Likewise, Tribeca Grand Entertainment assumed the liabilities of Grand Entertainment Productions which were required for the continuation of the business, such as paying band members for their performances at gigs.

101.    However, Tribeca Grand Entertainment was not adequately capitalized. Although it assumed the liabilities of the Grand Entertainment Productions, those liabilities include Tomassetti's $400,000+ Judgment against Grand Entertainment Productions (and Defendant Andrea Brown), and Tribeca Grand Entertainment has not been able to pay it.  Tribeca Grand Entertainment, like Andrea Brown and Grand Entertainment Productions, has not paid anything in satisfaction of the Eastern District Judgment.

102.    Tribeca Grand Entertainment is the same as Grand Entertainment Productions in another significant respect: it does not abide by corporate formalities.

103.    The State of Wyoming has previously administratively dissolved Tribeca Grand Entertainment for failing to file that State's requisite Annual Report (and pay the requisite filing fee).

104.    Whereas Grand Entertainment Productions was Defendant Andrea Brown's sham company, Tribeca Grand Entertainment, LLC is her husband Clint's sham company.

105.    Whereas Andrea Brown was the sole member of Grand Entertainment Productions, Clint Brown is the sole member of Tribeca Grand Entertainment.  The entity has no other members, managers, or officers.

106.    Neither LLC had a legitimate office other than the Browns' home: the office address listed on Tribeca Grand Entertainment's Articles of Organization is just the Cheyenne, Wyoming address of the company which was hired to file Tribeca Grand Entertainment's papers, Wyoming EZ Corp.

107.    Like Grand Entertainment Productions, Tribeca Grand Entertainment owns no real estate, no corporate assets of any kind, and no equipment of value other than the minimal equipment which the band needs to perform at gigs, and that equipment is the same equipment that Grand Entertainment Productions used.

108.   Finally, and perhaps most obviously, Tribeca Grand Entertainment is further identical to Grand Entertainment Productions in that it is merely a pass-through entity which the Browns use to pay themselves and DiRenzo for their performances as the Tribeca Grand band, which is the same band that they have been performing as for over seven years now.

109.   The only reason Tribeca Grand Entertainment was formed was to avoid paying the May 20, 2011 Eastern District Judgment which the predecessor LLC, Grand Entertainment Productions, and Andrea Brown owe Tomassetti.

## COUNT I –
## ACTION TO SET ASIDE FRAUDULENT TRANSFERS
## UNDER NEW JERSEY UNIFORM FRAUDULENT TRANSFER ACT

110.   Tomassetti realleges and incorporates by this reference each and every preceding allegation as if fully set forth herein.

111.   All claims are pled in the alternative as permitted by the Federal Rules of Civil Procedure.

112.   The New Jersey [Uniform] Fraudulent Transfer Act ("NJFTA") provides in pertinent part as follows:

**"25:2-25.   Transfers   fraudulent   as   to   present   and   future   creditors**

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

a.   With actual intent to hinder, delay, or defraud any creditor of the debtor;

or

b.   Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(1)   Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;

or

(2)   Intended to incur, or believed or reasonably should have
believed that the debtor would incur, debts beyond the
debtor's ability to pay as they become due.

\*\*\*

**25:2-27. Transfers fraudulent as to present creditors**

(a.) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor
whose claim arose before the transfer was made or the obligation was incurred if the
debtor made the transfer or incurred the obligation without receiving a reasonably
equivalent value in exchange for the transfer or obligation and the debtor was
insolvent at that time or the debtor became insolvent as a result of the transfer or
obligation."

113.   Tomassetti is a "creditor" under NJFTA.

114.   Defendants Andrea Brown and Grand Entertainment Productions, LLC are
"debtors" under NJFTA.

115.   Section 25:2-21 of NJFTA defines a "claim" as follows:

**"Claim"** means a right to payment, whether or not the right is reduced to
judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,
disputed, undisputed, legal, equitable, secured or unsecured.

116.   In determining whether the debtor intended to defraud a creditor of its claim for
purposes of §25:2-25 of NJFTA, §25:2-26 of the statute sets forth the following factors, known
as "badges of fraud," for a court's consideration:

"**(b)   Certain factors.**--In determining actual intent under subsection (a) of R.S.
25:2-25, consideration may be given, among other factors, to whether:

(a)   the transfer or obligation was to an insider;
(b)   the debtor retained possession or control of the property transferred after
the transfer;
(c)   the transfer or obligation was disclosed or concealed;
(d)   before the transfer was made or obligation was incurred, the debtor had
been sued or threatened with suit;
(e)   the transfer was of substantially all the debtor's assets;
(f)   the debtor absconded;
(g)   the debtor removed or concealed assets;
(h)   the value of the consideration received by the debtor was reasonably
equivalent to the value of the asset transferred or the amount of the
obligation incurred;
(i)   the debtor was insolvent or became insolvent shortly after the transfer
was made or the obligation was incurred;

(j)  the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(k)  the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor."

117.  Tomassetti filed his Complaint against Defendants Andrea Brown, Grand Entertainment Productions and Jim DiRenzo on November 13, 2009.

118.  The Complaint was served upon Brown and Grand Entertainment Productions on November 20, 2009.

119.  Shortly thereafter, on January 14, 2010, Defendant Andrea Brown transferred her real estate located at 2175 Cooper St. in Deptford, New Jersey to the "Brown Family Trust dated January 14, 2010."

120.  Because the real estate transfer was to a Trust for which Defendant Andrea Brown served as both Trustor and Trustee, such transfer was to an insider, which is one of NJFTA's enumerated badges of fraud.

121.  The nature and details regarding the transfer was concealed from Tomassetti; concealing a transfer is another of NJFTA's badges of fraud.

122.  Before the real estate transfer was made, Defendants Andrea Brown and Grand Entertainment Productions, LLC had been sued, which is yet another of NJFTA's badges of fraud: Brown was served with the [initial] Complaint in this matter just seven weeks prior to the transfer of the Deptford real estate.

123.  The transfer of the Deptford real estate, together with the transfer of her music business, constituted a transfer of substantially all of Andrea Brown's (and Grand Entertainment Productions') assets, which is another of the badges of fraud enumerated in NJFTA.  Indeed, after Andrea Brown transferred these assets, she filed a no-asset bankruptcy.

124.  Andrea Brown did not receive reasonably equivalent value for the Deptford, New Jersey real estate, yet another of NJFTA's badges of fraud.  As discussed above, Brown received $1 for the property.

125.   Andrea Brown did not even get any money for the Deptford, New Jersey property when it was subsequently sold in 2012: Clint Brown pocketed all that money.

126.   On December 28, 2012, the U.S. Court of Appeals for the Third Circuit affirmed the Eastern District's May 20, 2011 Judgment in favor of Tomassetti and against Brown and Grand Entertainment Productions (and sanctioned Brown, Grand Entertainment Productions and their lawyer, Hercules Pappas, Esq.).

127.   Shortly thereafter, Defendants Andrea Brown and Grand Entertainment Productions gave their music business to Mrs. Brown's husband, Clint Brown, who then formed a new Wyoming LLC named Tribeca Grand Entertainment, and proceeded to operate the business.

128.   Like the transfer of the Deptford, New Jersey real estate, the give-away of the music business was to an insider, in this case, her husband Clint and, consequently, this transfer also bears this badge of fraud.

129.   Also like the transfer of the Deptford, New Jersey real estate, the transfer of the music business was concealed, and thus also bears this badge of fraud. E.g., Andrea Brown never disclosed the transfer in her Answers to Tomassetti's Interrogatories in Aid of Execution. In fact, the transfer was not even disclosed on Andrea Brown's bankruptcy petition.

130.   Having previously transferred her Deptford, New Jersey real estate, Andrea Brown's music business was of her only remaining asset as, shortly thereafter on April 29, 2013, she filed a bankruptcy claiming no assets.

131.   Defendants Andrea Brown and Grand Entertainment Productions did not receive reasonably equivalent value for the transfer of the music business to Clint Brown, which is, as discussed, another of the badges of fraud under NJFTA. Inasmuch as neither the transfer nor any remuneration for the transfer was disclosed on Andrea Brown's bankruptcy petition, it appears

that the music business Brown and Grand Entertainment Productions received <u>nothing</u> from Andrea's husband Clint Brown.

132.    As stated above, Defendants Andrea Brown and Grand Entertainment Productions became insolvent as a result of the transfer of the music business: afterwards, Andrea Brown filed a no-asset bankruptcy.  Again, this is a badge of fraud.

133.    Finally, given the timing involved, the give-away of the music business is rightfully viewed as having taken place shortly after a substantial debt was incurred, which is another of NJFTA's badges of fraud.

134.    On December 28, 2012, the Third Circuit Court of Appeals affirmed the Eastern District's May 20, 2011 Judgment against Andrea Brown and Grand Entertainment Productions, (and sanctioned them for filing a frivolous appeal).

135.    In other words, the Third Circuit determined that the debt incurred by Andrea Brown and Grand Entertainment Productions, LLC by the Eastern District's Court's May 20, 2011 Judgment would "remain incurred."

136.    Whereupon, the two Judgment debtors gave their music business to Andrea Brown's husband Clint.

137.    The Defendants' sole purposes of the give-away of the music business and the Deptford, New Jersey real estate was to defraud Tomassetti and hinder him in this action, to delay or otherwise prevent Tomassetti from being able to collect on his claim, and to make Andrea Brown and Grand Entertainment Productions, LLC "judgment-proof," all in violation of §25:2-25 of NJFTA.

138.    Because Brown and Grand Entertainment Productions did not receive reasonably equivalent value for the assets given away, and reasonably should have believed that they would incur debts beyond their ability to pay them, e.g., a federal court Judgment of over $400,000, the transfers are also in violation of §25:2-25(b)(2) of NJFTA.

139.   Because Tomassetti was a "present creditor" of Andrea Brown and Grand Entertainment Productions, LLC under NJFTA, and again because Andrea Brown and Grand Entertainment Productions, LLC did not receive reasonably equivalent value for the transfer of Brown's Deptford, New Jersey real estate or their music business, and became insolvent as a result of the transfers, the transfers are also fraudulent pursuant to §§25:2-27(a) of NJFTA.

140.   Tomassetti has sustained significant damages as a result of Brown's and Grand Entertainment Productions' fraudulent asset transfers.

WHEREFORE, Tomassetti respectfully requests that this Honorable Court enter Judgment in his favor and find that Defendants Andrea Brown and Grand Entertainment Productions, LLC and their transferees, The Brown Family Trust dated January 14, 2010, Clint Brown, and Tribeca Grand Entertainment, LLC, violated the New Jersey Uniform Fraudulent Transfer Act by transferring of [all of] the assets of Defendants Andrea Brown and Grand Entertainment Productions, LLC, and grant the relief requested below.

## COUNT II –
## SUCCESSOR LIABILITY
## BASED ON MERE CONTINUATION OF BUSINESS/*DE FACTO* MERGER

141.   Tomassetti realleges and incorporates by this reference each and every preceding allegation as if fully set forth herein.

142.   All claims are pled in the alternative as permitted by the Federal Rules of Civil Procedure.

143.   New Jersey law makes a successor entity liable for the debts of a predecessor entity when the transaction amounts to a consolidation or merger between the entities, known as a *de facto* merger, and, similarly, when the successor entity is merely a continuation of the predecessor entity.

144.   Tribeca Grand Entertainment, LLC has *de facto* merged with Defendant Grand Entertainment Productions, and the former is a mere continuation of the latter.

145. Consequently, Tribeca Grand Entertainment, LLC should be held liable for the Judgment against Defendant Grand Entertainment Productions (and Andrea Brown) in this matter.

146. As discussed above, after the Third Circuit Court of Appeals affirmed the Eastern District's Judgment on December 28, 2012, Defendant Andrea Brown promptly stopped operating Grand Entertainment Productions, and proceeded to drain its bank account, thus rendering Grand Entertainment Productions an asset-less shell.

147. Thereafter, the Tribeca Grand band began operating under "Tribeca Grand Entertainment."

148. Tribeca Grand Entertainment, LLC and Grand Entertainment Productions feature continuity of ownership and management, in that the entities are respectively owned and controlled by Clint and Andrea Brown, husband and wife. (Given this arrangement, it is quite easy for Andrea Brown to exercise control over Tribeca Grand Entertainment, LLC, too.)

149. There is also continuity in the business operations between the two LLCs.

150. For instance, some of the Tribeca Grand band's gigs were contracted by Grand Entertainment Productions, yet were performed under Tribeca Grand Entertainment, LLC.

151. In a more general sense, there is continuity in the business operations of the LLCs in the sense that the entities do the exact same thing: provide the Tribeca Grand band to customers who wish the band to play weddings, parties, and other special events in the Pennsylvania – New Jersey area.

152. The personnel of the respective LLCs is also the same, as the members of the Tribeca Grand band remain the same, including Defendant Andrea Brown, who is still a vocalist for the band, Defendant Jim DiRenzo, who still plays bass for the band, and Clint Brown, who still serves as the band's engineer. See also ¶97, supra, which contains screenshots of

Defendants' identical past and present websites, and, in particular, identical pictures of the band - then and now.

153.    The LLCs also have many of the same customers.

154.    As discussed above, the Tribeca Grand band has played for the Epilepsy Foundation of Eastern Pennsylvania every year since 2009.

155.    Further, the band plays annual New Year's Eve gigs, and other events from time to time, for Cape Resorts in New Jersey.

156.    The customers for the respective LLCs are the same in a general sense, as well, e.g., newlyweds.

157.    The physical location of the respective LLCs is also the same, the Brown's home, 2523 Kings Highway, Swedesboro, NJ 08085.   The band's sound and lighting equipment remains there, for instance.

158.    Tribeca Grand Entertainment is also a continuation of Grand Entertainment Productions from an accounts receivable and accounts payable perspective.

159.    Tribeca Grand Entertainment collected on Grand Entertainment Productions' receivables which were due pursuant to contracts entered into by Grand Entertainment Productions when Grand Entertainment Productions was still conducting operations.

160.    Tribeca Grand Entertainment also assumed the obligations of Grand Entertainment Productions which were ordinarily necessary for the continuation of business, such as paying band members for the gigs they played.

161.    As a result of the conduct outlined above, Tomassetti has been damaged.

162.    Further as a result of the conduct outlined above, Tribeca Grand Entertainment, LLC is liable to Tomassetti to the same extent that Grand Entertainment Productions, LLC is liable to Tomassetti.

WHEREFORE, Tomassetti demands Judgment be entered stating that Tribeca Grand Entertainment, LLC and Clint Brown are liable to Tomassetti as the successors in interest to Grand Entertainment Productions, LLC and Andrea Brown under a mere continuation of business/*de facto* merger theory.

## COUNT III –
## SUCCESSOR LIABILITY
## BASED ON FRAUDULENT TRANSFER TO ESCAPE LIABILITY

163.     Tomassetti realleges and incorporates by this reference each and every preceding allegation as if fully set forth herein.

164.     All claims are pled in the alternative as permitted by the Federal Rules of Civil Procedure.

165.     New Jersey law makes a successor entity liable for the debts of a predecessor entity when the transaction between the entities is fraudulently intended to escape liability.

166.     As discussed in detail above, after the Third Circuit Court of Appeals affirmed the Eastern District's Court's May 20, 2011 Judgment on December 28, 2012, Defendants Andrea Brown and Grand Entertainment Productions fraudulently transferred their music business to Andrea Brown's husband Clint for no consideration.

167.     As of the time of the transfer, Defendants Brown and Grand Entertainment Productions had not paid anything toward the Eastern District's May 20, 2011 Judgment against them. Indeed, neither of them has paid anything to this day.

168.     The music business give-away is replete with the badges of fraud enumerated in NJFTA:

- The business was given to an insider, Defendant Andrea Brown's husband Clint;
- The transfer of the music business was concealed; Defendants never told the Eastern District that they gave the business to Brown's husband, despite repeated requests for answers to Tomassetti's Interrogatories, and despite repeated Orders from the Eastern District; Andrea Brown never told her Bankruptcy Court about giving away her business, either;

- The music business constituted Andrea Brown's and Grand Entertainment Productions' only remaining asset, and they became insolvent as a result of giving the business away, as, shortly after the business was given away, Brown filed a no-asset bankruptcy;
- Brown and Grand Entertainment Productions did not receive reasonably equivalent value for the business: they received nothing; and
- Inasmuch as Andrea Brown and Grand Entertainment Productions took this measure right after the Third Circuit affirmed the Eastern District's Judgment against them, the give-away of the music business occurred after a substantial debt was incurred.

169.    Defendants knew these actions would hinder and delay the efforts of their creditors, including Tomassetti.

170.    The give-away of the music business was fraudulent in nature because at the time it was put into effect, the Defendants knew and intended that, by virtue of the fraudulent transaction, Andrea Brown and Grand Entertainment Productions, LLC would be rendered without any viable means to pay their debts, including the debt they owed to Tomassetti.

171.    No provisions were made for creditors of Andrea Brown and Grand Entertainment Productions such as Tomassetti: Brown and Grand Entertainment Productions have not paid one cent toward satisfaction of the Eastern District's May 20, 2011 Judgment since the music business was given away.

172.    Andrea Brown and Grand Entertainment Productions benefitted from the fraudulent transfer of the music business because they used the transfer to try to shirk the numerous Judgments against them.  Meanwhile, Andrea Brown carries on the same as ever as lead singer of the Tribeca Grand band under the LLC her husband formed, Tribeca Grand Entertainment.

173.    Tribeca Grand Entertainment, LLC and Clint Brown also benefit from the fraudulent give-away of the music business, too: they are unjustly enriched as recipients of a well-established music business for which they paid nothing.

174.    As a result of the foregoing, Tomassetti has been damaged.

175.   On the facts discussed above, Tribeca Grand Entertainment, LLC and Clint Brown are liable to Tomassetti to the same extent that Grand Entertainment Productions is liable to Tomassetti.

WHEREFORE, Tomassetti demands Judgment stating that Tribeca Grand Entertainment, LLC and Clint Brown are liable to Tomassetti as the successors in interest to Andrea Brown and Grand Entertainment Productions under a fraudulent transfer to escape liability theory.

## COUNT IV –
## SUCCESSOR LIABILITY
## BASED ON TRANSFER WITHOUT ADEQUATE CONSIDERATION

176.   Tomassetti realleges and incorporates by this reference each and every preceding allegation as if fully set forth herein.

177.   All claims are pled in the alternative as permitted by the Federal Rules of Civil Procedure.

178.   New Jersey law makes a successor entity liable for the debts of a predecessor entity when the transaction between the entities was without adequate consideration and no provision was made for creditors.

179.   As discussed above, Brown's and Grand Entertainment Productions' transfer of their music business is severely tainted with numerous badges of fraud enumerated in NJFTA.

180.   However, the most significant badge of fraud for purposes of this Count of the Complaint is that Defendants Andrea Brown and Grand Entertainment Productions, LLC received no consideration for transferring their music business to Andrea Brown's husband Clint in early 2013.

181.   Prior to the transfer of Andrea Brown's and Grand Entertainment Productions' music business (and Defendant Andrea Brown's Deptford, New Jersey real estate) to Andrea Brown's husband Clint, Andrea Brown and Grand Entertainment Productions had assets to pay the debt due and owing Tomassetti.

182.    Following the business give-away, though, Defendants Andrea Brown and Grand Entertainment Productions were not left with enough assets to pay their debts to Tomassetti.

183.    In fact, Brown and Grand Entertainment Productions did not receive any tangible value or profit from the give-away of the business, as, shortly thereafter, Brown proceeded to file a no-asset bankruptcy on April 29, 2013.

184.    No provisions were made for the creditors of Brown or Grand Entertainment Productions as part of the music business give-away.

185.    Defendants Andrea Brown and Grand Entertainment Productions failed - and continue to this day to fail - to pay the monies due and owing Tomassetti.

186.    The transfer of the music business was also surreptitious.   Brown and Grand Entertainment Productions provided no notice or any information regarding the transfer, despite being ordered by the Eastern District to answer Tomassetti's written Interrogatories on several occasions.

187.    Defendant Andrea Brown also failed to provide any information regarding the matter to the Bankruptcy Court on the bankruptcy Petition she filed with that Court on April 29, 2013.

188.    Andrea Brown was also examined under oath by the Trustee for the Bankruptcy Court during her bankruptcy.

189.    Once again, she did not disclose to the Trustee that she had given her music business to her husband.

190.    The give-away of the music business served no purpose except to hinder, delay, and defraud Tomassetti and Andrea Brown's and Grand Entertainment Productions' other creditors.

191.    The Browns (and thus both Grand Entertainment Productions and Tribeca Grand Entertainment, LLC) knowingly and intentionally undertook the transfer of the music business

for this purpose, and also knew with substantial certainty that, by transferring the music business (and Andrea Brown's Deptford, New Jersey real estate), Andrea Brown and Grand Entertainment Productions would be without any viable means to pay their debts, including the debt to Tomassetti.

192.    As a result of the foregoing, Tomassetti has been damaged.

193.    On the facts outlined above, Tribeca Grand Entertainment, LLC and Clint Brown are liable to Tomassetti to the same extent that Grand Entertainment Productions and Andrea Brown are liable to Tomassetti.

WHEREFORE, Tomassetti demands Judgment stating that Tribeca Grand Entertainment, LLC and Clint Brown are liable to Tomassetti as the successors in interest to Andrea Brown and Grand Entertainment Productions, LLC, on the grounds that the transfers which these parties undertook were without adequate consideration and no provision was made for the creditors of Andrea Brown and Grand Entertainment Productions, LLC.

## COUNT V –
## PIERCING THE CORPORATE VEIL

194.    Tomassetti realleges and incorporates by this reference each and every preceding allegation as if fully set forth herein.

195.    All claims are pled in the alternative as permitted by the Federal Rules of Civil Procedure.

196.    New Jersey law allows for piercing of the corporate veil, viz., for an entity's organizational form to be disregarded to make its individual principals and their assets liable for the debts of the organization, if there is a unity of interest and ownership such that the separate personalities of the entity and the individual no longer exist, and if circumstances indicate that adherence to the idea of a separate existence for the entity would sanction a fraud or promote injustice.

197.    Clint Brown so dominates Tribeca Grand Entertainment, LLC that there is no "separate personality" between the two; Tribeca Grand Entertainment, LLC is relegated to the position of being a mere a conduit for Clint Browm himself.

198.    Mr. Brown exercises complete and unilateral dominion and control over Tribeca Grand Entertainment, LLC.

199.    The LLC has no identity independent of Mr. Brown, and has no separate existence of its own.

200.    Clint Brown is the sole Member of Tribeca Grand Entertainment, LLC, and the entity has no managers other than Clint Brown; therefore, the entity holds no meetings among members or managers.

201.    Clint Brown fields inquiries from prospective clients of the LLC, negotiates and enters into contracts with said clients on behalf of the LLC, handles all personnel matters, such as assigning Tribeca Grand band members to the gigs which Mr. Brown has booked for the band, and sets those band members' compensation for the gigs.  Mr. Brown also serves as the band's sound (and lighting) engineer, so, almost literally, the Tribeca Grand band could not play a note without Clint Brown.

202.    Upon information and belief, Clint Brown comingles his personal bank accounts with Tribeca Grand Entertainment's account, and pays his and his wife Andrea's personal expenses from the accounts of Tribeca Grand Entertainment, with the result being that Tribeca Grand Entertainment is just a façade for the operations of Clint Brown and his wife, Defendant Andrea Brown.

203.    Clint Brown runs Tribeca Grand Entertainment as a cash business, which makes it easier for him to move cash around between himself and the entity.

204.    Tribeca Grand Entertainment, LLC owns no real estate, no equipment, product, materials, or inventory of value (aside from the band's sound and lighting equipment), and has essentially no other assets of any kind.

205.    What few assets Tribeca Grand Entertainment LLC does own are the exact same assets which Grand Entertainment Productions, LLC used to own, and, as was the case when Grand Entertainment Productions, LLC was conducting operations, those assets are used for Clint and Andrea Brown's personal benefit, and in fraud of creditors such as Tomassetti (and, for that matter, the other creditors in Andrea Brown's bankruptcy).

206.    Tribeca Grand Entertainment, LLC maintains no corporate records and no physical office outside the Browns' personal residence.   The address listed on the entity's Articles of Organization is not an office address: it is just the address of the company Clint Brown retained to help file the Articles of Organization for the LLC, "Wyoming EZ Corp."

207.    Tribeca Grand Entertainment, LLC is also grossly undercapitalized, in that, as the successor to Grand Entertainment Productions, LLC, it acceded to the debts of Grand Entertainment Productions, including the Eastern District's May 20, 2011 Judgment of over $400,000, yet has not paid one cent in satisfaction of that Judgment in the four-plus years since that Judgment was entered, or in the two-plus years since Tribeca Grand Entertainment, LLC was formed.

208.    At the same time Clint Brown is keeping Tribeca Grand Entertainment, LLC undercapitalized, Mr. Brown is personally compensating himself with substantial amounts of the LLC's revenues.

209.    In that way, Tribeca Grand Entertainment, LLC is like its predecessor, Grand Entertainment Productions: they are both sham companies - mere pass-through entities by which payments to the Browns and the other individuals associated with the Tribeca Grand band are processed.

210.   This is consonant with Tribeca Grand Entertainment, LLC's failure to abide by even the most basic of organizational formalities, which is another factor relied upon when piercing the corporate veil.

211.   Tribeca Grand Entertainment, LLC was formed in Wyoming on May 13, 2013.

212.   Yet, the entity has already been administratively dissolved by the Wyoming Secretary of State for failure to file a requisite Annual Report with that State.

213.   There is no doubt that Clint Brown uses the subservient Tribeca Grand Entertainment, LLC to perpetrate fraud, promote injustice, and circumvent the law.

214.   Tribeca Grand Entertainment, LLC has no independent business of its own: it just received the business Grand Entertainment Productions formerly received and would continue to receive if Grand Entertainment Productions still conducted operations.

215.   That is, Tribeca Grand Entertainment, LLC does the exact same thing that Grand Entertainment Productions formerly did.  Clint Brown formed Tribeca Grand Entertainment, LLC for the sole purpose of receiving the payments for the (exact same) services his wife Andrea Brown, and her LLC, Grand Entertainment Productions, used to provide, so that Andrea Brown and Grand Entertainment Productions would appear insolvent and judgment-proof.

216.   In short, Clint Brown abuses the legal separation of himself and Tribeca Grand Entertainment, LLC, and misused the organizational form, for the illegitimate purpose of attempting to perpetrate a fraud on Tomassetti and to avoid the Judgment (and Andrea Brown's and Grand Entertainment Productions, LLC's other debts) against his wife, Andrea, and the predecessor LLC, Grand Entertainment Productions.

217.   The Defendants' abuses and misuses of the corporate (LLC) form have caused Tomassetti harm.

218.   Under these circumstances, there are ample grounds for disregarding the corporate form of Tribeca Grand Entertainment, LLC, and for extending personal liability to

Clint Brown, and, in fact, injustice will result if the corporate veil is not pierced to make Clint Brown responsible for the Eastern District Judgment.

219.    Indeed, this Court has expressly recognized that veil-piercing is appropriate in instances of fraud, illegality, and injustice such as that which Defendants have undertaken here, and when recognition of the entity would defeat public policy.

WHEREFORE, Tomassetti demands that this Honorable Court disregard the corporate form of Tribeca Grand Entertainment, LLC and extend personal liability on the Eastern District's May 20, 2011 Judgment to Clint Brown.

## COUNT VI –
## CONSPIRACY TO COMMIT FRAUD

220.    Tomassetti realleges and incorporates by this reference each and every preceding allegation as if fully set forth herein.

221.    All claims are pled in the alternative as permitted by the Federal Rules of Civil Procedure.

222.    Under New Jersey law, a civil conspiracy claim arises when a combination of two or more persons, acting in agreement or in confederation with a common design, and in the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means, perform an overt act in furtherance of the conspiracy, and the plaintiff incurs special damages.

223.    Defendants knowingly and willfully, and with a common purpose, conspired and agreed among themselves to perpetrate a fraud on Tomassetti by improperly transferring and diverting assets of Defendants Andrea Brown and Grand Entertainment Productions, LLC, and to evade the lawful debts of Andrea Brown and Grand Entertainment Productions, LLC to Tomassetti, and thereby deprive Tomassetti of monies to which Tomassetti was entitled.

224.    Defendants committed numerous overt acts, discussed more fully above, in furtherance of their common purpose.

225.    For example, Defendant Brown fraudulently transferred her assets, including her real estate located at 2175 Cooper St. in Deptford, New Jersey, to the Brown Family Trust dated January 14, 2010 for $1 just weeks after the Complaint in this matter was filed.

226.    For further example, Clint Brown – and not Andrea Brown - pocketed the sales proceeds of the aforementioned Deptford, New Jersey real estate when the property was sold.

227.    For further example, Andrea Brown and Grand Entertainment Productions fraudulently transferred their music business to Clint Brown and the Wyoming LLC he formed, Tribeca Grand Entertainment Productions, LLC, contemporaneous with Andrea Brown's filing for bankruptcy.

228.    Defendant DiRenzo is involved in the conspiracy, as well, in that he has received, in his individual capacity, deposit payments for performances to be given by the Tribeca Grand band.

229.    Defendants have misrepresented and misled Tomassetti and the Courts of the United States of America regarding the transferred assets, despite numerous Orders (and Defendant Andrea Brown's bankruptcy petition) requiring Defendant Andrea Brown to disclose her real estate holdings and to provide information regarding the Tribeca Grand band's performances.

230.    All the while, the Browns, the LLCs, and DiRenzo have been able to enrich themselves with the assets (and their proceeds) which should be used to pay the Eastern District's May 20, 2011 Judgment in favor of Tomassetti.

231.    Defendants obviously knew their representations were false.  These are large assets at issue here – real estate, and a thriving music business – and evidently constituted Andrea Brown's only assets, as she filed a no-asset bankruptcy shortly after giving away her music business.  Brown executed numerous documents in connection with the transfer of her assets, including the Deptford, New Jersey real estate to the Brown Family Trust, and cleaned

out the Grand Entertainment Productions bank account in connection with transferring her music business to her husband Clint.

232.    As a proximate result of Defendants' conduct, Tomassetti has sustained special damages, including additional attorneys' fees and costs, the time value of the money which should have been paid by Defendants Andrea Brown and Grand Entertainment Productions, LLC to satisfy the Eastern District's Judgment but which Defendants have tried to thwart with their fraudulent transfers, and the additional time Tomassetti has had to devote to this matter instead of his own business.

WHEREFORE, Tomassetti demands Judgment against Andrea Brown and Clint Brown, both in their individual capacities and as trustees and trustors of the Brown Family Trust dated January 14, 2010, the Brown Family Trust dated January 14, 2010, Jim DiRenzo, Grand Entertainment Productions, LLC, and Tribeca Grand Entertainment, LLC, together with interest, costs, attorneys' fees, and such other relief as this Court deems necessary, just, and proper.

## COUNT VII –
## PRELIMINARY INJUNCTION

233.    Tomassetti realleges and incorporates by this reference each and every preceding allegation as if fully set forth herein.

234.    All claims are pled in the alternative as permitted by the Federal Rules of Civil Procedure.

235.    Tomassetti respectfully requests that the Court issue a preliminary injunction to stop Defendants from further transferring or otherwise dissipating assets necessary to satisfy the Eastern District's May 20, 2011 Judgment in this proceeding.

236.    Tomassetti has demonstrated in this Complaint each of the requirements for injunctive relief: (1) a likelihood of success on the merits; (2) the probability of irreparable harm if injunctive relief is not granted; (3) that granting injunctive relief sought will not result in

greater harm to another party; and (4) that granting injunctive relief is consistent with the public interest.

237.     Tomassetti has a high likelihood of success on the merits.  Notwithstanding the Browns' persistent deceit and stonewalling of the judicial process, there is an ample paper trail outlining the conduct described herein.

238.     Injunctive relief will protect and preserve assets which are necessary to satisfy the Eastern District's May 20, 2011 Judgment in this matter

239.     In this way, an Injunction will not result in greater harm to Defendants than Tomassetti: these assets should have been used to satisfy the Judgment long ago.

240.     It has now been over four years since the Eastern District entered its Judgment concerning Andrea Brown's and Grand Entertainment Productions, LLC's trademark infringement and defamation of Tomassetti.  Neither Andrea Brown nor Grand Entertainment Productions, LLC have paid, <u>anything</u> toward satisfaction of said Judgment.  Instead, Brown and Grand Entertainment Productions embarked on a campaign of frivolous appeals, phony bankruptcies, and, now, fraudulent asset transfers, as outlined more fully herein.

241.     Given Defendants' track record of concealing, transferring, and dissipating assets, Tomassetti is under the immediate threat of irreparable injury if injunctive relief is not granted.

242.     Granting injunctive relief is also in the public interest, in that it will help prevent the Defendants from making a further mockery of the judicial process.

241.     Injunctive relief is also authorized pursuant to §25:2-29(3)(a) of the NJFTA.

## **PRAYER FOR RELIEF**

WHEREFORE, Carmen Tomassetti and World Entertainment, Inc. respectfully request:

a.     A preliminary injunction enjoining Andrea Brown and Clint Brown, both in their individual capacities and as trustees and trustors of the Brown Family Trust dated January 14, 2010, the Brown Family Trust dated January 14, 2010, Jim DiRenzo, Grand Entertainment

Productions, LLC, and Tribeca Grand Entertainment, LLC, and each of their respective agents, employees, officers, representatives, successors, partners, assigns, and those acting in concert or participation with them, from spending, transferring, disbursing, encumbering, hypothecating or otherwise dissipating any real or personal property without prior Court approval, including, but not limited to, the following assets:

i. Any real or personal property of any of Andrea Brown, Clint Brown, the Brown Family Trust dated January 14, 2010, Jim DiRenzo, Grand Entertainment Productions, LLC, or Tribeca Grand Entertainment, LLC;

ii. Any money or other consideration that any of Andrea Brown, Clint Brown, the Brown Family Trust dated January 14, 2010, Jim DiRenzo, Grand Entertainment Productions, LLC, or Tribeca Grand Entertainment, LLC have received or will receive;

iii. Any accounts maintained at any financial institution or with any brokerage company by any of Andrea Brown, Clint Brown, the Brown Family Trust dated January 14, 2010, Jim DiRenzo, Grand Entertainment Productions, LLC, or Tribeca Grand Entertainment, LLC;

iv. Any profits derived from any money in these accounts; and

v. Any real or personal property purchased or maintained, in whole or in part, by any of this money.

b. That the Court enter Judgment in favor of Mr. Tomassetti and World Entertainment, Inc. and find that Defendants Andrea Brown, Grand Entertainment Productions, LLC, The Brown Family Trust dated January 14, 2010, Clint Brown, Tribeca Grand Entertainment, LLC, and Jim DiRenzo violated the New Jersey Uniform Fraudulent Conveyance Act ("NJFTA") with the transfers of the assets of Defendants Andrea Brown and Grand Entertainment Productions, LLC described herein;

c. An avoidance of the fraudulent transfers described herein to the extent necessary to satisfy Mr. Tomassetti's and World Entertainment's May 20, 2011 Judgment against Andrea Brown and Grand Entertainment Productions, LLC;

d. An attachment or other provisional remedy against the assets transferred or other property of the transferee in accordance with applicable law;

e.     Punitive damages pursuant to NJFTA and other applicable law;

f.     That levy and/or execution on the assets transferred or their proceeds be permitted;

g.     That Tribeca Grand Entertainment, LLC and Clint Brown be held liable to Mr. Tomassetti and World Entertainment, Inc. on the May 20, 2011 Judgment as the successors in interest to Andrea Brown and Grand Entertainment Productions, LLC under a continuation of business/*de facto* merger theory;

h.     That Tribeca Grand Entertainment, LLC and Clint Brown be held liable to Mr. Tomassetti and World Entertainment, Inc. on the May 20, 2011 Judgment as the successors in interest to Andrea Brown and Grand Entertainment Productions, LLC under a fraudulent transfer to escape liability theory;

i.     That Tribeca Grand Entertainment, LLC and Clint Brown be held liable to Tomassetti and World Entertainment, Inc. on the May 20, 2011 Judgment as the successors in interest to Andrea Brown and Grand Entertainment Productions, LLC, on the grounds that the fraudulent transfers which these parties undertook were without adequate consideration and no provision was made for the creditors of Andrea Brown and Grand Entertainment Productions, LLC;

j.     That the Court disregard the corporate form of Tribeca Grand Entertainment, LLC and extend personal liability on the Court's May 20, 2011 Judgment to Clint Brown to the same extent that Andrea Brown and Grand Entertainment Productions, LLC are liable for same;

k.     That Judgment be entered in favor of Mr. Tomassetti and World Entertainment, Inc. and against Andrea Brown and Clint Brown, both in their individual capacities and as trustees and trustors of the Brown Family Trust dated January 14, 2010, the Brown Family Trust dated January 14, 2010, Jim DiRenzo, Grand Entertainment Productions, LLC, and Tribeca

Grand Entertainment, LLC for conspiracy to commit fraud, and that Mr. Tomassetti be awarded

damages, interest, costs, and attorneys' fees as a result thereof; and

      l.      Any other relief this Court deems necessary, just, and proper.

Dated this _26th_ day of _April_____, 2016.

                                   Stephen L. Alvstad, Esq.
Attorney for Plaintiffs Carmen Tomassetti and
                World Entertainment, Inc.
Beautyman Alvstad, LLP
1201 Bethlehem Pike
Flourtown, PA 19031
Tel.: (o) (215) 836-7000
       (c) (215) 640-9968
Fax:    (215) 836-6886
E-mail: salvstad@beautyman.com